UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN LEWIS                                                    CIVIL ACTION

VERSUS                                                          NO. 12-2207-MVL-SS

M/V BALTIC PANTHER, et al

## REPORT AND RECOMMENDATION

Before the undersigned are: (1) the quantum of fees to be awarded to the defendants, Baltic Panther Limited ("Baltic") and Cooper/T. Smith Mooring Co., Inc. ("Cooper/T. Smith) (Rec. docs. 138 and 143) and (2) the motion of the intervenors, R. Joshua Koch, Jr. and the law firm of Koch and Schmidt LLC (collectively "Koch") and Gino J. Rendeiro, David E. Kavanagh and the law firm of Kavanagh & Rendeiro (collectively referred to as "Kavanagh"), for summary judgment on their interventions for attorneys' fees and costs incurred in their representation of the plaintiff, Nathan Lewis ("Lewis"). Koch and Kavanagh request that the fees and costs be paid with preference and priority from the settlement proceeds to be paid by Defendants. Rec. doc. 156.

## BACKGROUND

On September 5, 2012, Lewis filed a complaint for damages under the Longshore and Harbor Worker's Compensation Act and general maritime law. He was represented by Joshua Koch. Rec. doc. 1. A few weeks later the complaint was supplemented, amended and restated. Rec. doc. 3. On October 22, 2012, a second amended complaint was filed. Rec. doc. 9. At the request of Lewis and with the consent of Defendants, a September 9, 2013 trial setting was continued and reset for January 3, 2014. Rec. docs. 17 and 26.

Lewis failed twice to attend an examination with Defendants' orthopedic surgeon. He also failed to appear for a functional capacity assessment. Rec. doc. 93. On December 2, 2013,

Lewis discharged Koch. Rec. doc. 99. A settlement conference set for December 4, 2013, was cancelled. Rec. doc. 100. A status conference to determine counsel was set for January 8, 2014. Rec. doc. 101. Koch was granted leave to intervene. Rec. doc. 105.

Lewis did not appear at the January 8, 2014 conference. Kavanagh enrolled on behalf of Lewis. Rec. doc. 109. The trial was reset for October 27, 2014. The motion to dismiss for failure to appear at the orthopedic examinations was denied. Rec. doc. 113.

On September 15, 2014, the parties participated in private mediation. It resulted in a settlement of all claims for $60,000.00. Rec. doc. 138 (Memorandum at 2). On September 23, 2014, Lewis, without counsel, came to the undersigned's chambers and reported that he had not settled his case. Id. at 2. Defendants moved to enforce the settlement. Rec. doc. 138.

On October 10, 2014, the joint motion of Baltic and Cooper/T. Smith to enforce the settlement was granted. Lewis' claims against them were dismissed with prejudice. Defendants were awarded reasonable attorneys' fees. The quantum of the fees to be awarded was referred to the undersigned. Rec. doc. 143.

The issue of the quantum of the fees was set for November 5, 2014. Lewis was ordered to submit an opposition by October 28, 2014. Rec. doc. 145. Defendants provided support for their requested attorneys' fees. Rec. docs. 146 and 147.

On October 21, 2014, Lewis discharged Kavanagh. Rec. doc. 148 (Exhibit 1). Kavanagh was granted leave to intervene. Rec. doc. 154.

Lewis did not file an opposition on October 28, 2014. Inasmuch as he had discharged his counsel on October 21, 2014 and was not represented by counsel on October 28, 2014, he was given until November 17, 2014 to submit an opposition on the quantum of fees. Rec. doc. 155.

On November 10, 2014, Lewis' former counsel, Koch and Kavanagh, filed a joint motion for summary judgment for attorneys' fees and costs. Rec. doc. 156. Lewis was ordered to file an opposition to their motion by November 21, 2014. Rec. doc. 159.

On Tuesday, November 18, 2014, Lewis telephoned chambers and requested two additional weeks to comply with his deadlines. He reported that an attorney agreed to represent him, but the attorney was out of town. Lewis' deadlines were extended to December 4, 2014. By that date, he was ordered to file his opposition to: (1) the quantum of fees sought by Defendants; and (2) the motion of Koch and Kavanagh for summary judgment. The order stated that there would be no further extensions of Lewis' deadline for <u>any reason</u>. Rec. doc. 161.

On December 3, 2014, Lewis appeared in chambers and requested additional time. He reported that the attorney who was out of town on November 18, 2014, had declined to represent him. He wanted additional time to retain counsel.

## LEWIS' REQUEST FOR ADDITIONAL TIME

The request is denied. First, Lewis has had ample time to prepare and file an opposition to these matters. Defendants filed their motion for enforcement of the settlement and for fees on October 9, 2014 (nearly two months ago). Lewis did not file any opposition to their motion. Lewis was ordered to submit his opposition on the quantum of fees on November 4, 2014. This was extended to November 17 and then to December 4. Lewis was given until November 21, 2014 to respond to the motion of Koch and Kavanagh for summary judgment. That deadline was extended to December 4.

Second, Lewis' comments indicate that his primary complaint is that, notwithstanding his signature and initials on the settlement agreement, he did not agree to settle his case.[1] Lewis

---

[1] Lewis also describes state law claims against his former counsel, but such claims would have to proceed in state court. They do not provide any basis for further delay.

3

may suffer from buyer's remorse, but the issue of whether he settled his case was resolved by the District Judge on October 10, 2014, whose order states, "in view of the settlement the plaintiff's claims against Baltic Panther Ltd. and Cooper T. Smith Mooring Co., Inc. are hereby DISMISSED, WITH PREJUDICE. . . ." Rec. doc. 143 (Emphasis in original). The District Judge also awarded Defendants reasonable attorneys' fees. Rec doc. 143. As to Defendants, the only issue before the Court is the amount of those fees.

Third, Lewis has not presented any reason why he cannot represent himself on this issue.

### BALTIC AND COOPER/T. SMITH

Baltic seeks fees of $4,461.50. A review of the entries demonstrates that they all relate to activity regarding the enforcement of the settlement. Two lawyers worked on the enforcement of the settlement. Some of the entries are duplicative. The time sought for Ms. Blanque will be reduced. Her entries for September 23 (3.0 hours), September 25 (0.1 hour), September 30 (0.1 hour) and October 10 (0.1 hour) will be eliminated for a total of 3.3 hours as duplicative of Mr. Hemphill's time.

The hourly rate sought for Mr. Hemphil is $295.00 per hour. The hourly rate sought for Ms. Blanque is $190.00 per hour. In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, 06-7185-HGB-SS (Rec. doc. 381), the Court approved rates of $250.00 to $275.00 per hour for partners and $125.00 to $175 per hour for associates for activity in **2009**. The hourly rates sought for Baltic are reasonable.

The amount sought for Ms. Blanque's time identified as duplicative is $627.00 (3.3 hours times $190 per hour). The total time sought by Baltic will be reduced by that amount. The reasonable fee for work performed on behalf of Baltic because Lewis refused to honor his settlement agreement is $3,834.50 ($4,461.50 minus $627.00).

Cooper/T. Smith reports that a check for its share ($20,000.00) of the settlement was tendered on September 30, 2014. It requests attorneys' fees of $2,115.00 and that such amount be deducted prior to it tendering the balance into the Registry of the Court. In support of the fee award, counsel for Cooper/T. Smith submitted entries for the period from September 23, 2014. All entries are in tenth of an hour segments. A review of the entries demonstrates that they are all reasonably related to the successful effort to enforce the settlement. The total time sought is 9.4 hours. The hourly rate is $225.00 per hour. Rec. doc. 146 (Exhibit 6). The hourly rate for counsel for Cooper/T. Smith is reasonable. The product (9.4 hours times $225.00 per hour) is $2,115.00. This is the reasonable fee for work performed on behalf of Cooper/T. Smith because Lewis refused to honor his settlement agreement.

It will be recommend that the quantum of attorneys' fees awarded Baltic is $3,834.50 and Cooper/T. Smith is $2,115.00. If this recommendation is approved, Baltic and Cooper/T. Smith can move, Pursuant to Fed. R. Civ. P. 67, to deposit the net amounts of their respective contributions into the Registry of the Court.

## ATTORNEY INTERVENORS

The intervenors, Koch and Kavanagh, seek a fee of 40% on the $60,000 or $24,000 plus costs for Koch of $13,674.75, including an advance to Lewis of $2,000.00, and costs for Kavanagh of $6,694.65. The intervenors request that their lien for these amounts be recognized and Baltic and Cooper/T. Smith be instructed to pay directly to intervenors these sums with preference and priority to any other claims out of the settlement proceeds of the settlement with Lewis. Rec. doc. 156. Cooper/T. Smith filed a response. Rec. doc. 156.

It will be recommended that the motion of the intervenors for summary judgment be denied in part as to their request that Defendants be required to pay them directly their fees and

costs and denied in part without prejudice to their right to refile their motion after the net amounts from Defendants are deposited into the Registry of the Court.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Lewis' oral request for additional time be DENIED.

2. Baltic be awarded attorneys' fees of $3,834.50 and Cooper/T. Smith be awarded attorneys' fees of $2,115.00 as the reasonable fees for work performed on their behalf because of Lewis' refusal to honor his settlement agreement.

3. The motion of the intervenors, Koch and Kavanagh, for summary judgment (Rec. doc. 156) be DENIED in PART as to their request that Defendants pay them directly their fees and costs and be DENIED in PART without prejudice to their right to refile the motion after Defendants deposit the net amount of their contributions to the settlement into the Registry of the Court.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of December, 2014.

                                              _____
                                              **SALLY SHUSHAN**
                                              **U.S. Magistrate Judge**